UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCY FIGARD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

CASE NO. 1:09-CV-425

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 14), Defendant Commissioner's Objections to it (docket # 15), and Plaintiff's Response (docket # 16). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the Commissioner of Social Security's decision to deny Plaintiff's claim for disability insurance be affirmed in part, reversed in part, and remanded for further proceedings by the Administrative Law Judge (ALJ). Commissioner raises two objections, and Plaintiff responds to both objections. After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation and orders that the Commissioner's decision be reversed and remanded for further proceedings by the ALJ.

Commissioner first objects that, contrary to the opinion of the Magistrate Judge, substantial evidence supports the ALJ's decision to discount the opinion of J. Hillelson, D.O., who examined Plaintiff at the request of the Social Security Administration. The ALJ maintained that Dr. Hillelson did not cite objective medical findings to support her opinion and that Dr. Hillelson's opinion appeared to be based on Plaintiff's reports of pain. The Magistrate Judge correctly found that the ALJ's determination is not supported by the record. Dr. Hillelson described Plaintiff's limitations as stemming from "back problems." (AR 321) During her examination, Dr. Hillelson performed two tests, a range of motion test and a trigger point test for fibromyalgia, which the ALJ did not reference. (AR 30) Both tests could reasonably support Dr. Hillelson's conclusions, and both tests provide information on Plaintiff's medical limitations. Contrary to Commissioner's description of the record, Dr. Hillelson's report does not clearly distinguish whether the back problems causing Plaintiff's limitations are distinct from Plaintiff's reports of fibromyalgia. Dr. Hillelson's report can be distinguished from the medical report at issue in *Warner v. Commissioner of Social Services*, 375 F.3d 387, 390-91 (6th Cir. 2004), the case cited by Commissioner, since here Dr. Hillelson performed two tests that may provide objective medical evidence for her conclusions.

Commissioner next objects that the ALJ's failure to consider the August 5, 2008 questionnaire completed by Richard Van Dyken, M.D., may only be remanded pursuant to sentence

six of 42 U.S.C. § 405(g) and not sentence four, and that Plaintiff does not qualify for a sentence six remand. The Magistrate Judge's recommendation for a sentence four remand was correct. Plaintiff, as per her affidavit, presented the questionnaire to the ALJ during the administrative proceedings. A sentence six remand requires Plaintiff to show good cause for why she did not present the questionnaire to the ALJ. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 485 (6th Cir. 2006) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). Because Plaintiff actually presented the evidence to the ALJ prior to his decision, the sentence six analysis cannot apply to her. That the questionnaire did not appear in the administrative record, as it appears the ALJ never received it, does not change Plaintiff's unchallenged statement in her affidavit that she submitted the opinion to be included for the ALJ's review. The Court will apply the long-held common law presumption that properly mailed documents are received in due course. *See Carroll v. Commissioner*, 71 F.3d 1228, 1230 (6th Cir. 1995) (distinguishing documents mailed to the IRS, which must be sent by certified mail). The particular facts of this case, including Plaintiff's lack of representation during the administrative hearing and the numerous communications post-hearing between the ALJ and Plaintiff, warrants the presumption in this case. The Magistrate Judge correctly determined that the ALJ should review the opinion, for the reasons stated in the Report and Recommendation.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 1, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should (1) evaluate whether substantial evidence supports the limitations set forth in Dr. Hillelson's

September 21, 2006 report; and (2) evaluate Dr. Van Dyken's opinions expressed in the August 5, 2008 RFC questionnaire.


Dated:     September 29, 2010              /s/ Robert J. Jonker
                                                                                ROBERT J. JONKER
                                                                                UNITED STATES DISTRICT JUDGE