UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCY FIGARD,

        Plaintiff,

Case No. 1:09-cv-425

Hon. Robert J. Jonker

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                         /

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's counsel's motion for attorney fees pursuant to the 42 U.S.C. § 406(b) (docket no. 22).

**I.    Background**

Plaintiff filed this action appealing the Commissioner's decision regarding benefits on May 11, 2009. September 29, 2010, the court reversed and remanded this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order and Judgment (docket nos. 17 and 18). On or about September 30, 2011, the Social Security Administration (SSA) awarded plaintiff disability benefits commencing as of September 2005. *See* Notice of Award (docket no. 25 at p. 3). The SSA advised plaintiff that she had past due benefits of $53,712.00 for the period of September 2005 through June 2011. *Id.* at p. 4. The SSA withheld $13,428.00 from the past due benefits to plaintiff's lawyer. *Id.* Plaintiff's counsel has advised the court that the SSA has used $5,300.00 of the withheld benefits to pay for attorney fees at the administrative level. *See* Motion at ¶ 5. Accordingly, the SSA is currently withholding $8,128.00 of the past due benefits.

Plaintiff's counsel seeks a fee award in this court of $5,300.00 based on § 406(b) and their fee agreement, which provided in pertinent part that plaintiff's attorney will receive a fee equal to 25% of the past due benefits awarded by the SSA.  Motion at ¶¶ 5-10; Fee Agreement (docket no. 22 at p. 4).  In addition to the contingency agreements, plaintiff's counsel has presented an itemized statement indicated that he worked 19.7 hours on this matter.  *See* Attorney's Affidavit (docket no. 22-1).

## II.     Legal standard

Attorney fee awards in social security cases brought in this court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits.  *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, this court must look at the contingent fee agreement and test it for reasonableness.  *Id.* at 808.  Contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25 percent of past-due benefits.  *Id.* at 807;  § 406(b0(1)(A).  Within the 25 percent boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807.  Since the burden of

persuasion is on the claimant's attorney, this seems to negate a presumption in favor of the agreed upon amount. *Id.* at 807 and fn. 17. In determining the reasonableness of the contingent fee, the court can reduce the fee based upon "the character of the representation and the results the representative achieved." *Id.* at 808. For example, it is appropriate to reduce the fee when representation is substandard. *Id.*, citing *Lewis v. Secretary of Health and Human Svc.,* 707 F.2d 246, 249-250 (6th Cir. 1983). Also, if the attorney is responsible for delay, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *Gisbrecht,* 535 US. at 808, citing *Rodriguez v. Bowen,* 865 F.2d 739, 746-747 (6th Cir. 1989)(en banc). And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *Id.* "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

### III.   Discussion

#### A.   The previous fee awards

Here, plaintiff has received two previous attorney fee awards. First, on January 31, 2011, the court granted the parties' joint stipulation awarding attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $3,413.62. *See* Joint Stipulation and Order (docket nos. 20 and 21). As a general rule, plaintiff's counsel's fee award under § 406(b) should be reduced by deducting the amount of this EAJA award. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

Defendant's only objection to the motion for attorney fees is that plaintiff's counsel should reduce the fee requested under § 406(b) by the amount of the previous EAJA fee award of

$3,413.62. The court disagrees. In this case, counsel never received the fee award, because the award was intercepted by the United States Department of Treasury to offset a debt which plaintiff owed to the United States Department of Education. *See* Department of Treasury Letter (March 30, 2011) (docket no. 25 at p. 5). The purpose of the EAJA offset is to maximize the claimant's recovery of past due benefits received from the SSA. *See*, *generally*, *Gisbrecht*, 535 U.S. at 796 ("an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits") (internal brackets omitted). That purpose was achieved when the EAJA was applied to plaintiff's outstanding debt. Because plaintiff (rather than her counsel) received the benefit of the EAJA fee award, there is no reason to reduce counsel's § 406(b) fee by the amount of the EAJA fee. Accordingly, plaintiff's counsel is not required to reduce the § 406(b) fee award by the amount of the intercepted EAJA fee award.

Second, the SSA awarded plaintiff $5,300.00 for work performed before the agency in securing an award of benefits. Plaintiff acknowledges that the fee request should be reduced by deducting this amount awarded by the SSA for work performed before that agency. *See* Motion at ¶ 10. While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406(b) for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261 (6th Cir. 1994) (en banc) (concluding that under § 406(b), "each tribunal may award fees only for the work done before it"). Accordingly, plaintiff's fee award should be reduced by $5,300.00.

### B.     The reasonableness of the requested fee award

Under the contingent fee agreement, plaintiff's counsel would receive $13,428.00, an amount equal to 25% of the past due benefits. Plaintiff's counsel, however, has voluntarily reduced this amount to $10,600.00. Having received $5,300.00 for the work performed at the administrative level, plaintiff's counsel now seeks $5,300.00 for the work performed in this court.

The total amount of fees requested by plaintiff's counsel, from all sources, totals $10,600.00 for an effective contingency fee of approximately 20%. Based on the record in this case, the court concludes that the requested fee is reasonable. Counsel spent over three years representing plaintiff on this claim. Counsel's efforts resulted in a determination that plaintiff was disabled and entitled to past due benefits in excess of $53,000.00. Counsel has submitted time sheets which reflect that he spent 19.7 hours on the federal court work. Under these circumstances, plaintiff is being compensated at an effective hourly rate of $269.00 (i.e., $5,300.00 / 19.7 hours). Plaintiff's counsel normally charges $175.00 to $250.00 per hour. *See* Attorney's Affidavit at ¶ 8 (docket no. 23). The effective hourly rate of $269.00 is $19.00 above the upper end of counsel's normal hourly rate. This recovery would not result in a windfall to counsel. *See Hayes v. Secretary of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991) (observing that "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable" given that "social security attorneys are successful in approximately 50% of the cases they file in the court" ). Accordingly, the court finds that plaintiff's request for attorney fees is reasonable under § 406(b)(1)(A).

### IV.  Recommendation

For the reasons stated above, I respectfully recommend that plaintiff's motion for attorney fees (docket no. 22) be **GRANTED** in the amount of **$5,300.00**.


Dated:  March 12, 2012                          /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).